**ENGEL et al.**

v.

**F. W. WOOLWORTH CO. (OTIS ELE-
VATOR CO., Third-party
Defendant).**

**No. 232, Docket 23024.**

United States Court of Appeals
Second Circuit.

Argued April 9, 1954.

Decided June 2, 1954.

---

Galli & Locker, New York City (Oscar A. Thompson and Patrick E. Gibbons, New York City, of counsel), for third-party plaintiff-appellant.

Hampton & Mahoney, New York City (William F. McNulty, New York City, of counsel), for third-party defendant-appellee.

Before CHASE, Chief Judge, and SWAN and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. One of the issues, as between Woolworth and Otis, was that Otis had been negligent in that, under its maintenance contract, it had not properly adjusted the escalator. Otis called expert witnesses who, over objection by Woolworth, testified that the escalator could not have been so adjusted as to prevent the child's finger from being caught. We do not agree with Woolworth's contention that this was not a proper subject of expert testimony, i. e., that the reception of this testimony "usurped the jury's function." See Mutual Life Ins. Co. of New York v. Frost, 1 Cir., 164 F.2d 542, 547.

2. The plaintiff and Otis, over Woolworth's objection, introduced the following evidence: After the installation of the escalator in 1938, Otis started to manufacture and install a new type of escalator with a new kind of comb plate in which there was a smaller distance between the treads; Woolworth had caused 44 of this new type to be installed in its other stores throughout the country. When part of this testimony was received, the trial judge cautioned the jury that "you are not to infer from the fact that later models came out with alleged improvements that there was any negligence on the part of Woolworth for not adopting the later model, because the law is that a defendant is not required to have the safest or the very best equipment." In his charge, the judge again admonished the jury: "Now with regard to the escalator, I charge you that Woolworth was not obliged to use the best escalator or the safest escalator possible. It was obliged to use only an escalator that was reasonably safe and appropriate for its store. If the defendant Woolworth had an escalator installed in 1938 which at that time was reasonably safe for the purpose for which it was to serve them, then in the absence of proof that the escalator was unsafe in 1951 there was no duty as a matter of law on the part of Woolworth to reconstruct the escalator to meet the improvements and design changes of years subsequent to 1938." We see no error in this respect. In Lee v. Pennsylvania R. Co., 2 Cir., 192 F.2d 226, 230, citing New York decisions, we held such evidence admissible when the jury was cautioned as it was here. See also Hecht Co. v. Jacobsen, 86 U.S.App. D.C. 81, 180 F.2d 13, 17, citing and quoting from Holmes, J., in Veginan v. Morse, 160 Mass. 143, 35 N.E. 451.

3. Woolworth requested a charge that "there is no evidence in this case that Woolworth had actual notice of any defective adjustment of the comb plate." The trial judge properly denied this request. For we think there was evidence from which the jury could reasonably infer that Woolworth had such knowledge.

Affirmed.